IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

YVONNE JONES, et al.,

    Plaintiffs,

v.                                                                                          No. 06-2340 BP

CITY OF MEMPHIS, et al.,

    Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
_____

       The Plaintiffs, Yvonne Jones, Lisa Wilburn, Lawanda Ryan, Erika Williams, individually and as parent and next friend of Javier Mason, Akiya Chambers and Jarrelle Williams, minor children, initiated this action on June 5, 2006 against the Defendants, the City of Memphis, Tennessee (the "City"); Memphis Police Department ("MPD") Director Larry Godwin; MPD officers Gray, White, Priddy, Gianinni, Guinn, Booker, Simms, and Embrey; and unnamed John and/or Jane Does, alleging, pursuant to 42 U.S.C. § 1983, violation of their rights under the United States Constitution. The Plaintiffs further averred violations of Tennessee state law. According to the complaint, on June 4, 2005, the Plaintiffs were shopping at a discount store in the Raleigh area of Memphis, Tennessee when they were injured by a car driven by a suspect being pursued by MPD officers through the store parking lot. Before the Court are the October 11 and November 6, 2006 motions of the Defendants for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 13, 2007, the Court granted the motion of certain individual Defendants to stay this matter pending the ruling of the Sixth Circuit Court of Appeals in the case of Meals v. City of

Memphis, et al., ___ F.3d ___, 2007 WL 1989016, at *9 (6th Cir. July 11, 2007).[1]  As an opinion has been issued in Meals, the instant dispositive motion is ready for disposition.

Rule 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim upon which relief may be granted and requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  In order to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim to sustain recovery under some viable legal theory.  Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998).

At the outset, the Court hereby DISMISSES without prejudice the Plaintiffs' allegations against the "John and/or Jane Doe" defendants, as service of process, and, by extension the institution of a lawsuit, cannot be effected on fictitious persons.  Furthermore, the Plaintiffs are advised that bringing a complaint against John and/or Jane Doe defendants does not toll the statute of limitations as to those parties.  See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), cert. denied, 519 U.S. 821, 117 S. Ct. 78, 136 L. Ed. 2d 37 (1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968), cert. denied, 394 U.S. 987, 89 S. Ct. 1468, 22 L. Ed. 2d 763 (1969).

Turning to the merits of the instant motion, the individual Defendants seek dismissal of the Plaintiffs' official capacity claims.  Title 42 U.S.C. § 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to

---

[1] Meals also arose from injuries and death to innocent bystanders during a high speed chase by an MPD officer.

"the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock, 330 F.3d at 902. "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001). It is well-settled that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 68, 109 S. Ct. 2304, 2310-11, 105 L. Ed. 2d 45 (1989)). Accordingly, as the Plaintiffs' official capacity claims against the individual Defendants are in essence claims against the City itself, they are hereby DISMISSED.

The Court now addresses the Defendants' motion to dismiss the federal claims, in which the Plaintiffs have invoked the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution. Although the Defendants address each amendment in their motions to dismiss, the Plaintiffs have offered in response legal argument only with respect to their claims under the Fourteenth Amendment. Therefore, as the Court assumes the Fourth, Fifth and Sixth Amendment allegations have been abandoned, they are DISMISSED.[2]

As noted above, a § 1983 claim cannot survive absent a constitutional violation. See Wittstock, 330 F.3d at 902. "[T]he Due Process Clause of the Fourteenth Amendment bars certain

---

[2]The November 6, 2006 motion filed by individual Defendants Gray, Priddy, Simms, Booker and White also seeks dismissal of the Plaintiffs' claims under the First Amendment. However, the complaint mentions no First Amendment claim. In any case, to the extent the Plaintiffs intended to set forth such a claim in the complaint, it appears to have been abandoned as well and is therefore DISMISSED.

government actions regardless of the fairness of the procedures used to implement them. This is the concept embodied in the phrase 'substantive due process.'" Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir. 1996) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986) and Lewellen v. Metro. Gov't of Nashville, 34 F.3d 345, 346 (6th Cir. 1994), cert. denied, 513 U.S. 1112, 115 S. Ct. 903, 130 L. Ed. 2d 787 (1995)) (internal quotation marks omitted). "The Due Process Clause . . . is 'phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.'" Ewolski v. City of Brunswick, 287 F.3d 492, 509 (6th Cir. 2002), reh'g & suggestion for reh'g en banc denied (Jul. 16, 2002) (quoting DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1987)).

"[S]tate officials may violate the Due Process Clause when their affirmative actions directly increase the vulnerability of citizens to danger or otherwise place citizens in harm's way." Id. "[T]he touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." County of Sacramento v. Lewis, 523 U.S. 833, 845-46, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998) (internal citations omitted). "Thus, in a due process challenge to executive action, the . . . question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 847 n.8, 118 S. Ct. at 1717 n.8.

In Lewis, in which the Supreme Court first confronted Fourteenth Amendment substantive due process with respect to a police pursuit, the Court recognized that "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is

categorically beneath the threshold of constitutional due process. It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Id. at 849, 118 S. Ct. at 1718 (internal citations omitted). Conduct "that shocks in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking." Id. at 850, 118 S. Ct. at 1718-19. That is, while a showing of deliberate indifference to basic medical needs may satisfy the fault requirement for a substantive due process violation in the case of a pretrial detainee, it is not enough to establish a Fourteenth Amendment violation with respect to police conduct during a vehicle chase. See Ewolski, 287 F.3d at 510.

"The critical question in determining the appropriate standard of culpability is whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct." Id. (citation omitted).

> Like prison officials facing a riot, the police on an occasion calling for fast action have obligations that tend to tug against each other. Their duty is to restore and maintain lawful order, while not exacerbating disorder more than necessary to do their jobs. They are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made in haste, under pressure, and frequently without the luxury of a second chance. A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to all those within stopping range, be they suspects, their passengers, other drivers, or bystanders.

Lewis, 523 U.S. at 853, 118 S. Ct. at 1720 (internal citations and quotation marks omitted). In such cases, "the more exacting 'malicious or sadistic' standard of proof, rather than the comparatively relaxed 'deliberate indifference' evidentiary criterion, control[s] the 'shocks the conscience'

5

substantive due process element." <u>Claybrook v. Birchwell</u>, 199 F.3d 350, 360 (6th Cir. 2000) (citing <u>Lewis</u>, 118 S. Ct. at 1720-21). In <u>Meals</u>, the Sixth Circuit reiterated that, in order to satisfy the shocks-the-conscience test in a police chase scenario, the plaintiff must show that the officer *intended* to harm the occupant of the vehicle being pursued or the victims of that person's actions in fleeing the police. <u>Meals</u>, 2007 WL 1989016, at *8.

   The Plaintiffs have alleged in their complaint that their injuries occurred as a result of a "high speed chase" through a store parking lot by the Defendant officers, clearly bringing their claims under the <u>Lewis</u> paradigm. The complaint in this action does not allege that the MPD officers acted with intent to harm the Plaintiffs, but instead couches the alleged wrongs in terms of negligence, gross negligence and deliberate indifference, which are not sufficient to establish liability under the Fourteenth Amendment. <u>See</u> <u>id.</u> at *7 n.8 (rejecting application of the deliberate indifference standard, noting that the "intent-to-harm standard of <u>Lewis</u> applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender, regardless of whether the chase conditions arguably afforded pursuing officers time to deliberate"). Thus, taking their allegations as true, the Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief under § 1983. <u>See</u> <u>Grindstaff</u>, 133 F.3d at 421, <u>supra</u>. Because the charged conduct by the Defendant officers did not inflict a constitutional deprivation on the Plaintiffs, neither can the City be held liable for any alleged failure to train, supervise or discipline those officers. <u>See</u> <u>Meals</u>, 2007 WL 1989016, at *8 (because officer did not violate the plaintiffs' constitutional rights, there was no basis for holding the city liable for his conduct); <u>Claybrook</u>, 199 F.3d at 361 (because no constitutional violation occurred, municipality could not be held liable for failing to train or supervise defendant officers

pursuant to § 1983).[3] As a consequence, the motions to dismiss the Plaintiffs' § 1983 claims against the City and its officers are GRANTED.

Although the complaint is entitled "Complaint under 42 U.S.C. 1983," the Plaintiffs cite in the jurisdiction and venue section thereof 42 U.S.C. §§ 1981 and 1988. Section 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, ___, 126 S. Ct. 1246, 1250, 163 L. Ed. 2d 1069 (2006). In order to state a claim under the statute, a plaintiff must allege, among other things, that he is a member of a protected class. Abram v. Greater Cleveland Reg'l Transit Auth., 24 F.App'x 477, 480 (6th Cir. 2001). Nowhere in the complaint is there anything to suggest the Plaintiffs are members of a protected class. Therefore, the claim is DISMISSED.

Section 1988 permits an award of attorney's fees to a prevailing party in a civil rights action. See Gregory v. Shelby County, Tenn., 220 F.3d 433, 446-47 (6th Cir. 2000). Although the Plaintiffs have not elaborated on their § 1988 claim, the Court assumes the Plaintiffs in making allegations under the statute merely intended to reserve their right to seek attorney's fees should they succeed on the merits. See Bd. of Tr. Sabis Int'l Sch. v. Montgomery, 205 F. Supp. 2d 835, 853 n.12 (S.D. Ohio 2002). Based on the Court's dismissal of their civil rights claim, the Plaintiffs' complaint as to § 1988 is without merit.

Having disposed of the Plaintiffs' allegations under federal law, the Court now turns to their claims under state law. The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is governed by 28 U.S.C. § 1367, which expressly permits the Court to decline

---

[3] In light of the Court's finding that no constitutional violation occurred, it need not address the remaining arguments advanced by the parties in connection with the § 1983 claim.

the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Absent any remaining federal claims against the Defendants, the Court, in its sound discretion, hereby dismisses without prejudice the Plaintiffs' state claims against them. See Weeks v. Portage County Exec. Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

In summary, the motions of the Defendants to dismiss are GRANTED and the Clerk of Court is directed to enter judgment in their favor in accordance with this opinion. Furthermore, any pending motions in this case are DENIED as moot and the Case Manager is directed to remove any and all proceedings herein from the Court's calendar.

IT IS SO ORDERED this 14th day of August, 2007.

                                           s/ J. DANIEL BREEN
                                           UNITED STATES DISTRICT JUDGE